**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

KENNETH RODGERS,

                        *Plaintiff*,

               -against-

SUFFOLK COUNTY COMMUNITY COLLEGE, *et al.*,

                       *Defendant*s.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
CLERK

2/5/2026

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**

25-cv-06791 (SJB) (JMW)

**A P P E A R A N C E S:**

    **Kenneth Rodgers**
    P.O. Box 190
    150 Veterans Memorial Highway
    Commack, NY 11725
    *Plaintiff proceeding Pro Se*

    Dana Kobos
    **Suffolk County Attorney's Office**
    100 Veteran's Memorial Hwy
    Hauppauge, NY 11788
    *Attorneys for Defendants*

**WICKS**, Magistrate Judge:

Plaintiff Kenneth Rodgers ("Plaintiff") commenced this action in the Supreme Court of New York, Suffolk County, on November 20, 2025, against Defendants[1], which was subsequently removed to this Court on December 9, 2025. (*See* ECF No. 1.) Plaintiff, a prior student at Suffolk County Community College (the "College"), missed the passing level grade in

---

[1] The Defendants include: Suffolk County Community College, The Board of Trustees of Suffolk County Community College, Suzanne Barretto-Wansor, individually, Helene Winstanley, individually and in her official capacity as Academic Chair of the Nursing Department, Cheryl Shaffer, individually, and in her official capacity as Associate Dean of Nursing, Audrey Trachtenberg, individually, Irene Rios, individually, and in her official capacity as Executive Dean, Edward Martinez, individually, Dionne Walker Belgrave, individually, and John-Jane Does, 1-10.

1

one of his courses entitled "NUR-236", and brings the instant suit for what transpired as a result of requesting review of that score. (*Id.*) Plaintiff alleges claims four federal claims pursuant to 42 U.S.C. § 1983 (i) First Amendment Retaliation, (ii) Procedural Due Process, (iii) Monell Liability and (iv) Equal Protection — Selective Enforcement, as well as a state claim for Breach of Contract / Educational Policy.  (*See generally*, ECF No. 1-2.) This case is in its nascent stage and now the Court is tasked with determining if a stay of discovery is warranted pending the anticipated motion to dismiss. (*See* ECF Nos. 6, 9; Electronic Order dated 2/3/2026.) Therefore, before the Court is the Defendants' Motion to Stay Discovery[2] (ECF No. 10), and Plaintiff's opposition (ECF No. 13). For the reasons stated herein, Defendants' Motion to Stay Discovery pending the anticipated motion to dismiss (ECF No. 10) is **GRANTED**.

**THE LEGAL FRAMEWORK**

"Under Fed. R. Civ. P. 26(c), a district court may stay discovery during the pendency of a dispositive motion for 'good cause' shown." *Hearn v. United States*, No. 17-CV-3703, 2018 WL 1796549, at *2 (E.D.N.Y. Apr. 16, 2018). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006).  Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is

---

[2] Defendants have failed to comply with the undersigned's Individual Practice Rules regarding motions to stay, which require a formal motion rather than a letter motion. (*See* Rule 3.) However, to avoid further motion practice in light of the upcoming briefing schedule set by Hon. Sanket J. Bulsara, the Court accepts this Motion to Stay in its current format. Defendants are reminded to consult with the undersigned's Individual Practice Rules for future filings.

unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.*

## ANALYSIS

In sum, consideration of the three factors warrants a stay under the circumstances presented. *First*, Defendants pursuant to their pre-motion conference letter, have shown that a majority of Plaintiff's claims are likely to be found unmeritorious and are unlikely to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).[3] (ECF Nos. 6, 10) *Second*, if discovery were to proceed, all fact discovery and depositions would have to be taken, while waiting for a ruling on the anticipated motion to dismiss, which could end the case. And *third*, given the very early stages of this case, the risk of unfair prejudice to Plaintiff is low. Each of these factors is considered below.

### I.  *Defendants' Showing that Plaintiff's Claims are Unmeritorious*

Defendants are preparing to move to dismiss the entirety of the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). While the motions are not fully briefed or filed yet, motion practice is to be complete by April 14, 2026, per Hon. Sanket J. Bulsara's Order. (*See* Electronic Order dated February 3, 2026.) Plaintiff's Complaint alleges five claims. A review of the pre-motion conference letters (ECF Nos. 6, 9) illustrates that Plaintiff's claims are likely to result in dismissal, warranting the stay at this stage.

---

[3] This conclusion is not intended in any way to pre-judge the motion to dismiss which has yet to be fully briefed or filed. This analysis is done solely for purposes of determining whether a discretionary stay is appropriate pending resolution of the motion to dismiss.

As an initial matter, Defendants argue that pursuant to Fed. R. Civ. P. 12(b)(1), Plaintiff's due process violation claim should be dismissed due to lack of any violation and that this Court is not the proper decider for such claims.

> The Second Circuit has indicated clearly that constitutional issues can be decided in Article 78 proceedings. Plaintiff's arguments about whether or not she exhausted internal or state remedies … are immaterial because the established law indicates that there exists no constitutional violation (and thus no basis for a claim pursuant to 42 U.S.C. § 1983) where there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property or liberty. *Id.*

*Eldars v. State Univ. of N.Y. at Albany*, No. 19-CV-0801 (GTS)(DJS), 2020 WL 2542957, at *6 (N.D.N.Y. May 19, 2020), *aff'd sub nom. Eldars v. State Univ. of N.Y.*, No. 20-2693, 2021 WL 4699221 (2d Cir. Oct. 8, 2021) (internal citations and quotations omitted).

While Plaintiff argues that an Article 78 proceeding would not remedy the violations or assist in the relief that he seeks, that does not negate the exhaustion requirement. *See Horton v. Bd. of Educ. of Sherburne-Earlville Cent. Sch. Dist.*, No. 17-CV-45 (MAD)(ATB), 2017 WL 1437186, at *3 (N.D.N.Y. Apr. 21, 2017) ("As such, the availability of an adequate, post-deprivation hearing will preclude a procedural due process claim."); *see also Peralta v. New York City Dep't of Educ.*, No. 21-CV-6833(EK)(LB), 2023 WL 6201507, at *4 (E.D.N.Y. Sept. 22, 2023) (discussing procedural due process in relation to vaccination mandates) ("On that basis, federal courts in New York have cited the availability of an Article 78 proceeding as a factor for denying a procedural due process claim ….")

Next, generally to survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also CompassCare v. Hochul*, 125 F.4th 49, 56-57 (2d Cir. 2025) (quoting *Krys v. Pigott*, 749 F.3d 117, 128 (2d Cir. 2014) ("a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.")). Complaints are properly dismissed where, as a matter of law, "the allegations in a complaint,

however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  Importantly, like here, pro se pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Williams v. New York State*, No. 24-CV-04285 (PMH), 2025 WL 2452219, at *3 (S.D.N.Y. Aug. 26, 2025) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).  However, "mere conclusions of law or unwarranted deductions need not be accepted." *See Norris v. JPMorgan Chase Bank N.A.*, No. 25-CV-03231 (HG) (JMW), 2025 WL 2677061, at *2 (E.D.N.Y. Sept. 18, 2025) (internal citations omitted).

As for Plaintiff's First Amendment Retaliation claim, Defendants aver that no adverse action was taken and there is no causal connection between any protected speech and adverse action. (ECF No. 6 at 1-2.)  Plaintiff argues that the pleading requirement is met. (ECF No. 9 at 4-5.) "To survive summary dismissal, a plaintiff asserting [a] First Amendment retaliation claim [ ] must advance non-conclusory allegations establishing: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 106–07 (2d Cir. 2001) (quoting *Dawes v. Walker,* 239 F.3d 489, 492 (2d Cir. 2001)); *Grande v. Hartford Bd. of Educ.*, No. 24-CV-00010 (SFR), 2025 WL 2604033, at *8 (D. Conn. Sept. 9, 2025) (same). "An 'adverse action' is retaliatory conduct 'that would deter a similarly situated individual of ordinary firmness from exercising ...' constitutional rights...." *Barrington v. New York*, 806 F. Supp. 2d 730, 745 (S.D.N.Y. 2011) (quoting *Davis v. Goord,* 320 F.3d 346, 353 (2d Cir. 2003)).

Here, Plaintiff, when missing the passing grade in the NUR-236 class, sought review and allegedly violated the policy by copying the questions into an email, resulting in a school charge.

5

(ECF Nos. 6 at 1; 1-2 at 52.) Nonetheless, Plaintiff was allowed to retake the course and has since graduated from the program. (ECF Nos. 6 at 2; 9 at 3.) Therefore, this claim will unlikely survive dismissal without specificity connecting Plaintiff's alleged protected speech and an adverse action. *See Edwards v. Penix*, 388 F. Supp. 3d 135, 144 (N.D.N.Y. 2019) ("But mere sequence alone does not plausibly establish causation, even at the motion-to-dismiss stage and even for a plaintiff proceeding *pro se*.")

Third, Plaintiff asserts a *Monell* claim, which likely fails as well. Even assuming that a constitutional violation is found, *Monell* claims are not respondeat superior claims. *See Rakchi v. City of New York*, 800 F. Supp. 3d 494, 501 (E.D.N.Y. 2025). Municipalities, such as here,

> may not be sued under § 1983 for an injury inflicted solely by its employees or agents, and is liable only when it actually deprives, through the execution of its policies, an individual of his constitutional rights. To establish liability under *Monell*, a plaintiff must show that he suffered the denial of a constitutional right that was caused by an official municipal policy or custom. A municipal policy or custom may be established where the facts show: (1) a formal policy, officially promulgated by the municipality; (2) action taken by the official responsible for establishing policy with respect to a particular issue; (3) unlawful practices by subordinate officials so permanent and widespread as to practically have the force of law; or (4) a failure to train or supervise that amounts to deliberate indifference to the rights of those with whom the municipality's employees interact. To prevail on a municipal liability claim, a plaintiff must show a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.

*A.S. v. City Sch. Dist. of Albany*, 585 F. Supp. 3d 246, 281 (N.D.N.Y. 2022) (internal citations and quotations omitted); *Rakchi*, 800 F. Supp. 3d at 501 (same).

Here, a review of the Complaint does not provide specific policies or customs that led to a constitutional violation. (*See generally*, ECF No. 1-2.) Rather, there are conclusory statements that emails were sent rather than formal meetings held as part of the grade review process. Plaintiff also points to actions of the College's employees, which does not equate to liability under *Monell*. In addition, having concluded that the First Amendment retaliation claim will

likely fail, the prerequisite is not met here, that is, a constitutional violation. As further discussed below, the equal protection claim has the same result.

Fourth, Plaintiff asserts an Equal Protection claim. The Complaint alleges a class-of-one selective enforcement allegation. (ECF Nos. 1-2 at 50; 9 at 7.) With such claims, "a plaintiff must allege facts supporting a conclusion that 1) he was 'treated differently from other similarly situated' comparators, and 2) 'that such differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'" *Singer v. City of New York*, 417 F. Supp. 3d 297, 319 (S.D.N.Y. 2019) (quoting *Missere v. Gross*, 826 F. Supp. 2d 542, 560 (S.D.N.Y. 2011)). Plaintiff contends that another student received a meeting to review a failing grade and after discussions, there was a four-point adjustment, whereas Plaintiff was prohibited from the same process. (ECF Nos. 1-2 at 49-50; 6 at 2-3.)  It appears that the circumstances surrounding the other student's meeting and increase in points were not the same, which led to a different result. That student had issues with a different test, and thereby different questions. (ECF No. 6 at 2-3.)  Nor are there any allegations that show an intent to treat Plaintiff differently based on race, religion or to purposely injure Plaintiff. Thus, this claim will likely fail.

Finally, the remaining state claim asserts breach of contract. An implied contract arises between a student and its educational institution. *See Sweeney v. Columbia Univ.*, 704 N.Y.S.2d 617, 618 (N.Y. App. Div. 2d Dep't 2000) ("The relationship between a university and a student is contractual in nature.") "Although '[t]he rights and obligations of the parties as contained in the [school's] bulletins, circulars and regulations made available to the student, become a part of this contract', 'only specific promises set forth in a school's bulletins, circulars and handbooks, which are material to the student's relationship with the school, can establish the existence of an

implied contract.'" *Croce v. St. Joseph's Coll. of New York*, 195 N.Y.S.3d 210, 213 (N.Y. App.

Div. 2d Dep't 2023) (internal citations omitted). Thus, "court[s] will not interfere with a

university's exercise of discretion unless it is arbitrary or irrational." *Sweeney*, 704 N.Y.S.2d at

618; *Rizvi v. New York Coll. of Osteopathic Med. of New York Inst. of Tech.*, 950 N.Y.S.2d 754,

757 (N.Y. App. Div. 2d Dep't 2012) ("Judicial review of the determinations of educational

institutions as to the academic performance of their students is limited to the question of whether

the challenged determination was arbitrary and capricious, irrational, made in bad faith, or

contrary to statute or the United States or New York Constitutions.") Here, Plaintiff alleges that a

breach occurred when discussion regarding his grade were held via calls or emails rather than a

meeting. While Defendants aver that Plaintiff was not deprived of a material specific promise

and Plaintiff was allowed to seek review of his grade. (ECF No. 6 at 3-4.) Since Plaintiff was

allowed to re-take the course and was part of a grade grievance process, even if it was not

satisfactory to Plaintiff, there is no evidence of a breach. Therefore, Defendants appear to have

raised a viable defense to the breach claim, even assuming the truth of the Complaint.

Accordingly, as the majority of the claims could result in dismissal, even if repleading is

permitted, this factor weighs *in favor* of granting the stay at this juncture.

## II. *Breadth of Discovery*

In the absence of a stay, the parties will have to conduct all fact discovery since there "are

nine Defendants with regard to this matter for which document searches and record productions

would need to be made resulting in a significant volume of materials to be searched, reviewed,

and exchanged." (ECF No. 10 at 1.) Plaintiff contends that the burden of discovery could be

alleviated if tailored in a phrased out or narrowed type of production. (ECF No. 13 at 2.)

However, considering the merits of the anticipated motion, that would create burdensome efforts

8

that may be unnecessary if the action is dismissed or narrowed by the Court's ruling. Given the circumstances present here, granting the stay would help the parties "avoid substantial burden and waste of precious resources." *Posada v. E. Coast Cap. Corp.*, No. 23-CV-01579 (RER) (JMW), 2025 WL 2721621, at *3 (E.D.N.Y. Sept. 24, 2025) (quoting *Cohen v. Saraya USA, Inc.*, No. 23-CV-08079 (NJC)(JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024)). This is particularly true where, as here, Defendants seek to dismiss the entirety of the Complaint. (*See* ECF Nos. 6, 10.) Based on the above, considering the breadth of discovery, this factor weighs *in favor* of granting the stay.

### III.    Risk of Unfair Prejudice

This case is in its early stages. The action was only recently removed from state court to this Court on December 9, 2025, and the Court has not held an Initial Conference. It appears no discovery has taken place as initial disclosures are requested by Plaintiff in the opposition. (*See* ECF No. 13 at 3.)  "Mere delay in the litigation does not establish undue prejudice." *Wiesel v. Apple Inc.*, No. 19-CV-7261 (JMA) (JMW), 2021 WL 5038764, at *3 (E.D.N.Y. Oct. 29, 2021). Courts in this Circuit grant short stays that will be vacated upon resolution of a motion to dismiss and "neither unnecessarily delay the action nor prejudice the plaintiffs thereby." *Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y 2002); *Nat'l Rifle Assn'n of Am. v. Cuomo*, 2020 WL 7338588, at *4 (N.D.N.Y. 2020).  Here, a short stay is not likely to cause undue prejudice. *See Maddix v. City of New York*, No. 25-CV-01909 (HG), 2025 WL 1530648, at *3 (E.D.N.Y. May 29, 2025) (granting a stay absent prejudice due to early stages of litigation).

Plaintiff expresses concerns if a stay is granted such as "increases the risk of loss through routine retention practices, staff turnover, and fading recollection." (ECF No. 13 at 2.) However,

9

Defendants inform the Court that the outcome of the anticipated decision could alter the required document production, resulting in a possibility of "no exchange requirement". (ECF No. 10 at 1.) Additionally, Defendants are aware and on notice with this Order, that all potential discovery is to be preserved. Therefore, aside from the possibility of memories fading, the Court finds no reason to deny the motion to stay discovery at this juncture. *See Marrazzo v. Flagstar Fin., Inc.*, No. 25-CV-04183 (JMA) (JMW), 2025 WL 2772813, at *3 (E.D.N.Y. Sept. 29, 2025) ("Plaintiff contends that there may be a 'possibility of prejudice' with potential witnesses having fading memories … [a]part from that slim forecasted possibility, the Court finds no reason to deny the motion to stay discovery at this juncture.")

Accordingly, careful consideration of the relevant factors and the parties' submissions demonstrates that good cause indeed exists to warrant a stay of discovery pending resolution of the anticipated motion to dismiss. *See Chesney*, 236 F.R.D. at 115.

<strong><u>CONCLUSION</u></strong>

For the foregoing reasons, Defendants' Motion to Stay (ECF No. 10) is **GRANTED**.

Dated: Central Islip, New York
February 5, 2026

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

10